78 F.3d 596
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Albert Lee SPAN, aka Tony Carter, Defendant-Appellant.
 No. 95-55939.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 27, 1996.*
Decided March 5, 1996.
 
 Before: PREGERSON, CANBY and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Federal prisoner Albert Lee Span appeals the district court's denial of his 28 U.S.C. § 2255 habeas petition challenging his conviction for narcotics violations. Span contends that he received ineffective assistance of counsel when his trial counsel did not present a duress defense. We affirm.
 
 
 3
 To establish ineffective assistance of counsel a defendant must prove that counsel's performance was deficient and that counsel's performance prejudiced the defendant. Strickland v. Washington, 466 U.S. 668, 687 (1984). "Strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." Id. at 690-91. A defense of duress requires an immediate threat of death or serious bodily injury; a well-grounded fear that the threat will be carried out; and lack of a reasonable opportunity to escape the threatened harm. United States v. Becerra, 992 F.2d 960, 964 (9th Cir.1993).
 
 
 4
 Span contends that he was an unwitting accomplice to a drug deal, and that when he finally became aware of the drugs during the actual transaction, he was too scared to withdraw from the transaction. Span's trial attorney stated in an affidavit that he did not believe that the "evidence supported a defense theory the defendant committed the crime of conspiring to possess cocaine with intent to distribute or possession of cocaine on account of an immediate threat of death or serious bodily harm or out of necessity." His attorney stated further that he believed the best defense, and the one which he pursued at trial, was Span's lack of knowledge or intent. We agree with the district court that Span's trial counsel's decision not to pursue a duress defense did not constitute ineffective assistance of counsel. Id.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3